IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00191-PSF-OES

JOSE ZAMORANO-VASQUEZ, Alien No. 72 515 816,

    Applicant,

v.

ALBERTO R. GONZALES, Attorney General,

    Respondent.

## ORDER DENYING MOTION FOR EXTENSION OF TIME AND TRANSFERRING THIS CASE TO COURT OF APPEALS

This matter comes before the Court on the respondent's motion, filed June 14, 2005, to transfer this case to the Tenth Circuit Court of Appeals pursuant to the provisions of the REAL ID Act of 2005, Pub.L. No. 109-13 (Dkt. # 12).  By order entered June 17, 2005, this Court directed applicant to show cause no later than June 24, 2005 why the motion should not be granted.  Applicant did not file a response by June 24, 2005.  On June 28, 2005, Applicant filed a motion for extension of time to file the response (Dkt. # 14).  Applicant asserts that he was late in filing the motion for extension of time because of difficulties encountered with the Court's recently implemented electronic filing system, and that additional time is necessary to prepare the response because of issues relating to the scope of the REAL ID Act of 2005.

Had the Applicant filed a tardy substantive response to the order to show cause the Court would have considered it, even though late, as the transition by this district to the electronic filing system may well be an excuse for a late filing.  However, applicant

has given no substantive reasons to deny the transfer request or even suggested what grounds may be offered if the extension were granted. All applicants states in his motion is that "transfer is not appropriate in certain cases" and that "there may be other statutory and/or constitutional reasons why transfer is not appropriate in certain cases" (Motion at 2; emphasis in original). The Court does not find these speculative musings adequate grounds for an extension.

Section 106(a) of the REAL ID Act provides for exclusive jurisdiction in the Court of Appeals for review of removal orders, and further provides that cases under 28 U.S.C. § 2241 pending on the date of enactment of the Act, such as the instant case, shall be transferred to the Court of Appeals. Notwithstanding what applicant suggests, it appears that this provision leaves no authority in this Court but to transfer the case. *See e.g. Ellis v. U.S. Immigration and Customs Enforcement,* 2005 WL 1309338 (S.D.N.Y., June 1, 2005); *Campos-Javier v. Ashcroft*, 2005 WL 1330922 (S.D.N.Y., June 6, 2005).

Accordingly, respondent's Motion to Transfer this case to the Tenth Circuit Court of Appeals (Dkt. # 12) is GRANTED and this case is hereby transferred to the Tenth Circuit Court of Appeals pursuant to the provisions of the REAL ID Act particularly § 106(c) of Pub.L.No. 109-13, and pursuant to 28 U.S.C. § 1631.

Applicant's Motion for Extension of Time (Dkt. # 14) is DENIED.

DATED: June 28, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge